IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | Criminal No. 1:19cr48-HSO-JCG |
| | § | |
| | § | |
| LEONDUS GARRETT | § | |

ORDER DENYING WITHOUT PREJUDICE DEFENDANT LEONDUS
GARRETT'S MOTION [29] FOR COMPASSIONATE RELEASE

**BEFORE THE COURT** is Defendant Leondus Garrett's Motion [29] for

Compassionate Release.  For the reasons that follow, the Court finds that the

Motion [29] should be denied.

I. BACKGROUND

Pursuant to a Plea Agreement with the Government, on March 8, 2019,

Defendant Leondus Garrett ("Defendant" or "Garrett") pleaded guilty to one count

of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §

841(a)(1).  Information [1] at 1; Plea Agreement [8] at 1.  On June 10, 2019, the

Court sentenced Garrett to a 136-month term of imprisonment followed by three

years of supervised release.  Min. Entry, June 10, 2019.  Garrett is presently

incarcerated at the Federal Correctional Institution at Oakdale, Louisiana ("FCI

Oakdale"), and his anticipated release date is May 18, 2028.  *See* Resp. [38] at 5;

Reply [42] at 18.  Garrett filed the present Motion for Compassionate Release on

May 26, 2020, Mot. [29] at 1, asking that the Court grant him early release or

permit him to serve the remainder of his sentence in home confinement, *id.* at 1, 3; Reply [42] at 19.

The Government opposes Garrett's Motion, arguing that it should be denied without prejudice because Garrett has not yet exhausted administrative remedies. *See* Resp. [38] at 7 (citing 18 U.S.C. § 3582(c)(1)(A)).  Alternatively, if the Court reaches the merits of the Motion, the Government asserts that Garrett has not presented extraordinary and compelling reasons warranting a sentence reduction. *See id.* at 12-15.

Garrett has filed a Reply [42] arguing that he has exhausted his administrative remedies under § 3582(c)(1)(A)(i).  *See* Reply [42] at 8-9.  Garrett asserts that he wrote letters to the Warden on April 13, 2020, May 26, 2020, and June 10, 2020, seeking compassionate release but has not received a response.  *Id.* at 8; Def. Ex. 1, Declaration of Garrett, [38-1] at 1.  He therefore reasons that, because the Warden has not replied to any of his letters and more than thirty days have passed, he has satisfied the exhaustion requirement of 18 U.S.C. § 3582. Reply [42] at 9.  Garrett admits that he has not submitted an official BP-9 form requesting compassionate release.  Reply [42] at 9.

Garrett further maintains that the COVID-19 pandemic warrants releasing him to home confinement based upon the "extraordinary and compelling reasons" language of § 3582(c)(1)(A).  *Id.* at 11-17.  While Garrett has already contracted the COVID-19 virus, he asserts that he remains at high risk if he were to contract the virus a second time because he "suffers from multiple medical conditions . . .

2

including diabetes, high blood pressure, and obesity." *Id.* at 16.  Garrett claims that

he has a suitable home environment to which to return upon release, and that he

has been a model prisoner with no disciplinary write-ups. *Id.* at 18-19.

## II.  DISCUSSION

18 U.S.C. § 3582(b) provides that a judgment of conviction constitutes a final

judgment, which can be modified only under limited circumstances set forth at 18

U.S.C. § 3582(c).  At issue in this case is a requested modification under §

3582(c)(1)(A)(i), which states that:

> The court may not modify a term of imprisonment once it has been
> imposed except that—
> (1)     in any case—
>         (A)     the court, upon motion of the Director of the Bureau of
>                 Prisons, or upon motion of the defendant *after the
>                 defendant has fully exhausted all administrative rights to
>                 appeal a failure of the Bureau of Prisons to bring a motion
>                 on the defendant's behalf or the lapse of 30 days from the
>                 receipt of such a request by the warden of the defendant's
>                 facility, whichever is earlier*, may reduce the term of
>                 imprisonment (and may impose a term of probation or
>                 supervised release with or without conditions that does not
>                 exceed the unserved portion of the original term of
>                 imprisonment), after considering the factors set forth in
>                 section 3553(a) to the extent that they are applicable, if it
>                 finds that--
>                 (i)     extraordinary and compelling reasons warrant such
>                         a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

The statute grants the Bureau of Prisons ("BOP") authority to move for a sentence

reduction on behalf of a defendant. *See id.*  If the BOP does not so move on a

defendant's behalf, the defendant may seek a sentence reduction from the Court,

but only after he has exhausted all administrative remedies. *See id.*  In this case,

the BOP did not file a motion on Garrett's behalf, and at this time, Garrett has not shown that he has exhausted his administrative remedies as required by § 3582(c)(1)(A)(i).

As a federal prisoner, Garrett is subject to the four-step BOP grievance process described in 28 C.F.R. §§ 542.13 through 542.15.  *Petzold v. Rostollan*, 946 F.3d 242, 254 (5th Cir. 2019); *see also* 28 C.F.R. § 542.10 (explaining that the Administrative Remedy Program outlined in 28 C.F.R. §§ 542.10 through 542.19 applies to all people incarcerated in institutions operated by BOP).  In order to "fully exhaust all administrative remedies," Garrett must first make a formal written Administrative Remedy Request using form BP-9.  28 C.F.R. § 542.14.  If Garrett receives a response to his BP-9 and wishes to appeal the Warden's decision, he must adhere to the appellate procedure which the regulations provide, as follows:

> An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP–10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response.  An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP–11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response . . . Appeal to the General Counsel is the final administrative appeal.

28 C.F.R. § 542.15(a).

While Garrett claims that he has sent letters to the Warden seeking compassionate release, he admits that he has not filed an official request through a BP-9 form.  Reply [42] at 9.  He asks the Court to waive the exhaustion requirement, arguing that an attempt to exhaust his administrative remedies would be futile.  *Id.* at 9-10.

"Statutory interpretation, as we always say, begins with the text . . . ." *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016). The statute at issue, 18 U.S.C. § 3582(c)(1)(A)(i), specifically mandates exhaustion and does not provide any exceptions to the exhaustion requirement. The statute states that "the court may not" modify Garrett's sentence until he fully exhausts his administrative remedies, and nothing in the text of § 3582(c) confers upon the Court the authority to waive that requirement. 18 U.S.C. § 3582(c).

District courts in this circuit are split on whether these procedural requirements are jurisdictional and thus not amenable to waiver or other exceptions. *See, e.g., United States v. Echols*, No. 3:15-CR-125-1, 2020 WL 2309255, at *2 (N.D. Miss. May 8, 2020) (comparing cases).  However, the Fifth Circuit has recognized that a "district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582." *United States v. Garcia*, 606 F.3d 209, 212 n.5 (5th Cir. 2010).[1]  As another judge of this Court has recently recognized, whether the exhaustion requirement of § 3582(c)(1)(A)(i) is jurisdictional "is debatable but irrelevant in the present case because the Government has not waived exhaustion." *Gates*, 2020 WL 2563826, at *2 n.3.

---

[1] *See also Valentine v. Collier*, 956 F.3d 797, 807 n.3 (5th Cir. 2020) (C.J. Higginson, concurring) (noting that unlike the Prison Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA"), § 3582(c)(1)(A) does not limit the exhaustion requirement to "available" remedies, and further noting that the "availability" caveat in the PLRA is that statute's "built-in exception to the exhaustion requirement") (quoting *Ross v. Blake*, 136 S. Ct. 1850, 1855 (2016)).

The Government seeks denial of Garrett's Motion based upon his failure to exhaust under § 3582(c)(1)(A)(i).  Even if the exhaustion requirement of § 3582(c)(1)(A)(i) is not jurisdictional, waiver is inapplicable here because the Government has invoked the requirement, and the Court is not otherwise persuaded that it should consider Garrett's Motion prior to his completion of the mandatory, statutory exhaustion requirement.  Because the Court cannot and will not consider Garrett's request to reduce his sentence until he has complied with the exhaustion requirements of § 3582(c)(1)(A), the Court must deny the instant Motion without prejudice for failure to comply with the mandatory exhaustion requirements.

## III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Leondus Garrett's Motion [29] for Compassionate Release is **DENIED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

**SO ORDERED AND ADJUDGED**, this the 28th day of July, 2020.

_s/ Halil Suleyman Ozerden_
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE