## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **Criminal No. 1:19cr48-HSO-JCG-1** |
| | § | |
| | § | |
| **LEONDUS GARRETT** | § | |

## ORDER DENYING WITHOUT PREJUDICE DEFENDANT LEONDUS GARRETT'S MOTION [44] FOR RECONSIDERATION

BEFORE THE COURT is Defendant Leondus Garrett's Motion [44] for Reconsideration. The Court finds that this Motion [44] should be denied without prejudice for failure to exhaust administrative remedies.

## I. BACKGROUND

A.   Procedural history

Pursuant to a Plea Agreement with the Government, on March 8, 2019, Defendant Leondus Garrett ("Defendant" or "Garrett") pleaded guilty to one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Information [1] at 1; Plea Agreement [8] at 1.

On June 10, 2019, the Court sentenced Garrett to a 136-month term of imprisonment, followed by three years of supervised release. Min. Entry, June 10, 2019. Garrett is presently incarcerated at the Federal Correctional Institution at Oakdale, Louisiana ("FCI Oakdale"), and his anticipated release date is May 18, 2028. *See* Resp. [38] at 5; Reply [42] at 18.

Garrett filed his initial Motion [29] for Compassionate Release on May 26, 2020, asking that the Court grant him early release or permit him to serve the remainder of his sentence in home confinement.  *Id*. at 1, 3; Reply [42] at 19.  The Government opposed Garrett's Motion on the grounds that he had not yet exhausted administrative remedies, or alternatively that it should be denied on the merits.  Resp. [38].  On July 28, 2020, the Court entered an Order denying Garrett's Motion [29] without prejudice because he had not complied with the mandatory exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A).  *See* Order [43].

B.    Garrett's Motion [44] for Reconsideration

Garrett filed the present Motion [44] for Reconsideration on October 16, 2020, asking the Court to grant him compassionate release because he has exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A).  Mot. [44] at 5.  Garrett claims that the "plain text" of 18 U.S.C. § 3582(c)(1)(A) does not require exhaustion of administrative appeals, and instead "requires nothing more than the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."  *Id*.  On the merits, Garrett argues that "extraordinary and compelling reasons" warrant a reduction of his sentence in light of the COVID-19 pandemic, and that he does not pose a threat to the public under the applicable 18 U.S.C. § 3553(a) factors.  *Id*. at 14.

The Government opposes Garrett's Motion [44], asserting that he has not exhausted his administrative remedies pursuant to 18 U.S.C. § 3582(c)(1)(A).  Resp. [49] at 2.  Alternatively, the Government contends that Garrett has not shown that

extraordinary and compelling reasons justify his early release, that Garrett still poses a significant danger to the public, and that the relevant factors set forth at 18 U.S.C. § 3553(a) do not weigh in favor of his early release. *Id.* at 6.

Garrett counters in his Reply [50] that he has exhausted his administrative remedies pursuant to 18 U.S.C. § 3582(c)(1)(A). Reply [50] at 1. Garrett maintains that his pre-existing health conditions, including "obesity, hypertension, asthma and prior COVID-19 diagnosis," warrant his early release because he is at an increased risk of "re-contract[ing] COVID-19" at FCI Oakdale, *id.* at 5, and that he does not pose a threat to the public under the applicable 18 U.S.C. § 3553(a) factors, *id.* at 8.

## II. DISCUSSION

Section 3582(b) of Title 18 of the United States Code provides that a judgment of conviction constitutes a final judgment, which can be modified only under limited circumstances set forth at 18 U.S.C. § 3582(c). At issue in this case is a requested modification under § 3582(c)(1)(A)(i), which states that:

> [t]he court may not modify a term of imprisonment once it has been imposed except that—
> (1)    in any case—
>     (A)    the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant *after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in

3

> section 3553(a) to the extent that they are applicable, if it
> finds that--
>
> (i)     extraordinary and compelling reasons warrant such
>         a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

This statute provides "two routes a defendant's motion can follow to be properly before the court.  Both routes begin with the defendant requesting that 'the Bureau of Prisons' 'bring a motion on the defendant's behalf.'"  *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)).  While the Fifth Circuit has found that this procedural requirement is not jurisdictional, it is nevertheless mandatory.  *Id.*

Garrett contends that "[i]n light of the *Franco* decision, . . . defendants will be able to seek judicial relief after waiting 30 days . . . without having to first exhaust all administrative appeals in the event the warden denies that request within the 30-day period."  *Id.* at 3-4.  This Court has interpreted the phrase "lapse of 30 days from the receipt of such a request by the warden" to mean that exhaustion is only satisfied when 30 days have passed from the date the warden receives the request and the Bureau of Prisons ("BOP") has not taken any action on it.  *United States v. Allen*, 1:15-cr-36-HSO-JCG-1, ECF 70 (S.D. Miss. June 12, 2020); *United States v. Martin*, 3:16-cr-79-DPJ-LRA, 2020 WL 3065302, at *3 (S.D. Miss. June 9, 2020). Contrary to Garrett's assertion, under the plain language of 18 U.S.C. § 3582(c)(1)(A), a court can only modify a term of imprisonment if a defendant files his motion "after" he has *fully exhausted* his administrative remedies.  *Franco*, 973 F.3d at 467; *see* 18 U.S.C. § 3582(c)(1)(A) (emphasis added).

4

In this case, Garrett has not exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A).  Garrett submitted Exhibit 1 [44-1] with his Motion [44], which notes that his request was received by the BOP on June 12, 2020, and was denied by Warden S. Merendino on July 10, 2020.  Ex. 1 [44-1].  The Warden's written denial on July 10, 2020, occurred 28 days after Garrett submitted his request for administrative remedy on June 12, 2020, well within the 30 days provided by 18 U.S.C. § 3582(c).  *Id.*  Therefore, Garrett has not shown "the lapse of 30 days from the *receipt* of such a request by the warden of the defendant's facility" prior to the date he filed his Motion [44] in this Court.  *See* 18 U.S.C. § 3582(c)(1)(A) (emphasis added).

In addition, Garrett has presented evidence that Warden S. Merendino of FCI Oakdale denied Garrett's official request for compassionate release in writing on July 10, 2020, stating that "[u]pon investigation of the request, it has been determined the request warrants **denial** at this level."  Ex. 1 [44-1] at 1.  The Warden's letter explained that Garrett has "not been diagnosed with a terminal, incurable disease with a life expectancy of eighteen months or less," and that he does not "suffer from a chronic or serious medical condition."  *Id*.  The Warden's letter further informed Garrett that he "may appeal the decision through the Administrative Remedy Process."  *Id*.

Garrett was required to pursue the administrative appeals process with the BOP to its conclusion before filing a motion for compassionate release in this Court. He has not submitted any evidence indicating that he has pursued an appeal of the

Warden's denial.  By failing to appeal the denial to the Regional Director, Garrett did not fully exhaust his administrative remedies.  *See* Order [43] at 4 ("As a federal prisoner, Garrett is subject to the four-step BOP grievance process described in 28 C.F.R. §§ 542.13 through 542.15."); 28 C.F.R. §§ 542.13 through 542.15 (setting forth the BOP's Administrative Remedy Procedure, which would entail appealing the warden's decision to the appropriate regional director, and then, if unsatisfied with the regional director's decision, appealing this decision to the General Counsel of the BOP); *see also United States v. Blevins*, No. 5:09-CR-15-DCB-JCS, 2020 WL 3260098, at *3 (S.D. Miss. June 16, 2020) ("By failing to appeal the warden's decision to the Regional Director, [the defendant] has not fully exhausted his administrative rights and the [motion] must be dismissed.").

Because Garrett did not comply with the 18 U.S.C. § 3582(c)(1)(A) mandatory exhaustion requirement before filing his present Motion [44], it is not well taken and should be denied without prejudice for failure to exhaust administrative remedies.

## III.   CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Leondus Garrett's Motion [44] for Reconsideration is **DENIED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

**SO ORDERED AND ADJUDGED**, this the 10th day of November, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE