IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § § § § | Criminal No. 1:19cr48-HSO-BWR-1 |
| LEONDUS GARRETT | | |

## ORDER DENYING DEFENDANT LEONDUS GARRETT'S MOTION [74] FOR RECONSIDERATION

BEFORE THE COURT is Defendant Leondus Garrett's Motion [74] for Reconsideration of the Court's Order [73] denying his Motion [68] to Reduce Sentence/Compassionate Release. Having considered the issues presented, the record, and relevant legal authority, the Court is of the opinion that the present Motion [74] should be denied.

I. BACKGROUND

Defendant Leondus Garrett ("Defendant" or "Garrett") was originally charged in a three-count indictment alleging a methamphetamine trafficking scheme in *United States v. Garrett*, No. 1:18cr103-HSO-JCG (S.D. Miss. June 10, 2019). Pursuant to a Plea Agreement [8] with the Government, on March 8, 2019, Garrett pleaded guilty to a one-count Information [1] charging him with possession with intent to distribute methamphetamine, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), (b)(1)(C). Information [1] at 1; Plea Agree. [8] at 1.

1

The Presentence Investigation Report ("PSR") held Garrett accountable for 119.69 grams of "ice" and 1,982.37 grams of actual methamphetamine. PSR [14] at 13 (under seal). His offense level was calculated as 35 and his criminal history category was III. *Id.* at 14-15. This yielded a United States Sentencing Guidelines ("Guidelines") range of imprisonment of 210 months to 262 months. *Id.* at 20. However, the statutory maximum sentence of 20 years limited the Guidelines range of imprisonment to 210 months to 240 months. *Id*. The Court ultimately sentenced Garrett to 136 months' imprisonment, to be followed by three years of supervised release, a $5,000.00 fine, and a $100.00 special assessment. Minute Entry, June 10, 2019.

On September 9, 2023, Defendant filed a Motion [68] to Reduce Sentence/Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). *See* Mot. [68]. Defendant asserted that the Guidelines' different treatment of actual and mixture methamphetamine is not based on empirical data and is therefore improper. *Id.* at 2-3. In order to avoid purported "unwarranted sentencing disparities" with those convicted of distributing other drugs, Defendant requested that the Court "reject the methamphetamine guidelines on policy grounds and re-impose a sentence, through reduction and/or downward variance, more in line with the methamphetamine mixture range and other factors including his rehabilitation." *Id.* at 2-3, 10.

On January 3, 2024, the Court denied Defendant's Motion [68] to Reduce Sentence/Compassionate Release. *See* Order [73] (under seal). The Court held that

Defendant's argument that "his sentence was unjust due to the Guidelines' distinction between pure or actual methamphetamine and methamphetamine mixtures" was insufficient to show an extraordinary and compelling reason justifying release. *Id.* at 4-6. The Court pointed out that the cases Defendant cited were not binding precedent, and reasoned that such an argument was inappropriate on a motion for compassionate release. *Id.* The Court further found that even if Defendant presented an extraordinary and compelling reason under 18 U.S.C. § 3582(c)(1)(A)(i), the § 3553(a) factors weighed against early release. *Id.* at 6-8.

Defendant filed the present Motion [74] for Reconsideration of the Court's Order [73] on January 22, 2024, *see* Mot. [74], raising four grounds for reconsideration:

> (1) The District Court appeared to commit legal error where it relied on a non-binding district court case to deny relief based on its premise that the issue of actual versus a mixture of methamphetamine can only be addressed at the sentencing stage; (2) The District Court appeared to commit legal error where it erroneously applied United States v. Escajeda 58 F.4th 184,187 (5th Cir. 2023) [sic] in order to deny relief in this case; specifically, where the Cort [sic] states "a defendant cannot use motions for compassionate release "to challenge the legality or the duration of his sentence" or "to correct sentencing errors.""" – The Court appears to misconstrue the bases of the defendant's [sic] 3583(c)(1)(A) motion; (3) The District Court appeared to commit legal error where it denied relief based on the foreseeability of the methamphetamine disparity at sentencing; (4) The District Court either mis-state or mis-construed critical facts that erroneously prejudice the defendant where the Court denied relief base don its review of the 3353(a) factors.

*Id.* at 1 (internal citations omitted). The Government did not respond to the Motion [74].

## II. DISCUSSION

A. Relevant legal standards

The Fifth Circuit has held that if a motion for reconsideration is filed within twenty-eight days after entry of the judgment from which relief is being sought, the motion is treated as a motion to alter or amend under Federal Rule of Civil Procedure 59(e). *United States v. Garrett*, 15 F.4th 335, 339 (5th Cir. 2021). Under Rule 59(e), a judgment may be amended "(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012).

The Fifth Circuit has instructed that "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (internal quotation omitted). Under Rule 59(e), a motion for reconsideration "is not a proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment[,]" *Templet*, 367 F.3d at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)), and "[a] party seeking reconsideration must show more than disagreement with the court's decision and recapitulation of the same cases and arguments already considered by the court[,]"

4

*HCB Fin. Corp. v. Kennedy*, No. 1:10-CV-559-HSO-JMR, 2013 WL 12090333, at *2 (S.D. Miss. July 11, 2013), *aff'd*, 570 F. App'x 396 (5th Cir. 2014) (quotation omitted).

Defendant's Motion [74] for Reconsideration appears to seek relief under only the third prong of the foregoing standard. *See* Mot. [74] at 1.

B.  Defendant has failed to show manifest error warranting an amendment of the Court's Order [73]

Defendant first argues the Court erred in holding that sentencing is the more appropriate stage to consider policy disagreements with the Guidelines, such as the Defendant's "actual versus mixture methamphetamine" argument. Mot. [74] at 1-3; *see also* Order [73] at 5-6. Defendant cites *Concepcion v. United States* for the assertion that the Court must consider his policy disagreements on a motion seeking a modification of his sentence. *See* Mot. [74] (citing *Concepcion v. United States*, 597 U.S. 481 (2022)). However, *Concepcion* also held that when reviewing such a motion, "a district court is not required to be persuaded by every argument parties make, and it may, in its discretion, dismiss arguments that it does not find compelling without a detailed explanation." *Concepcion*, 597 U.S. at 501. All that is required is that the Court show it reasoned through Defendant's argument. *See Concepcion*, 597 U.S. at 500-01. On its face, the Court's Order [73] did just that. *See* Order [73] at 4-6. Additionally, even if Defendant had shown an extraordinary and compelling reason justifying release, his Motion [68] would still have been denied because the § 3553(a) factors weigh against an early release. *See* Order [73] at 6-8.

5

Turning to Defendant's second ground for reconsideration, that the Court's interpretation and application of *United States v. Escajeda* was incorrect, *see* Mot. [74] at 3-5 (citing *United States v. Escajeda*, 58 F.4th 184 (5th Cir. 2023)), Defendant also rehashes his argument that the Guidelines' distinction between actual and mixture methamphetamine is an extraordinary and compelling reason justifying release, *see id.* This is nothing more than a "disagreement with the court's decision and recapitulation of the same cases and arguments already considered by the court." *Kennedy*, 2013 WL 12090333, at *2; *compare* Mot. [74] at 3-5, *with* Mot. [68] at 6-9, *and* Reply [72] at 3-4. As such, it is an improper basis for reconsideration. *See Templet*, 367 F.3d at 479; *Kennedy*, 2013 WL 12090333, at *2.

Defendant's third ground asserts that "the District Court appeared to commit legal error where it denied relief based on the foreseeability of the methamphetamine disparity atsentencing [sic]." Mot. [74] at 5. Defendant argues that under the Guidelines' policy statement, "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment." *Id.* (quoting U.S.S.G. § 1B1.13(e)). Defendant appears to be referring to the Court's conclusion that sentencing is a more appropriate stage to address policy disagreements with the Guidelines. *See id.* The Court has already addressed this issue in rejecting Defendant's first ground for reconsideration, and for the same reasons stated there, the Court finds that it committed no manifest error.

6

Regarding Defendant's fourth ground, he contends that the Court misstated or misconstrued critical facts and exaggerated his unlawful conduct, *id.* at 5-7, and he repeats his arguments regarding the distinction between actual and mixture methamphetamine and states his disagreement with the Court's analysis of the 18 U.S.C. § 3553(a) factors, *see id.* Regarding any alleged exaggeration of Defendant's conduct, even if the Court accepted this argument as true, the serious nature of Defendant's crime still outweighs any commitment to family and their need for his income as argued in his original Motion [68]. *See* Order [73] at 7. This remains true even if the Court accepted Defendant's statement that he only "sold approximately six pounds of methamphetamine from the summer of 2015, through December 2016[.]" Mot. [74] at 6. Defendant's crime was still serious, and the Court would still have found that regardless of whether he had shown an extraordinary and compelling circumstance justifying compassionate release, the § 3553(a) factors weighed against an early release. *See id.*

## III.  CONCLUSION

To the extent the Court has not addressed any of Defendant's remaining arguments, it has considered them and determined that they would not alter the result. Defendant's Motion [74] for Reconsideration is not well taken and should be denied.

7

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Leondus Garrett's Motion [74] for Reconsideration is **DENIED.**

**SO ORDERED AND ADJUDGED**, this the 6th day of February, 2024.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE